I would grant and docket the State's application to answer two significant questions of law before allowing the post-conviction evidentiary hearing, which will require a substantial expenditure of time and resources, to proceed in this matter. First, this court has never squarely addressed the standard by which a claim of ineffective assistance of counsel based on counsel's failure to assert a Batson challenge during jury selection would be evaluated, or whether such a claim is even cognizable on state collateral review. Second, this court has yet to articulate a standard to determine whether the state's ability to respond to an application for post-conviction relief has been materially prejudiced by events not under the control of the State which have transpired since the date of the original conviction. See La.C.Cr.P. art. 930.8(B). Both of these issues are presented here, and I believe that in the interest of economy this court should address them before allowing post-conviction proceedings to continue.